COPY

1  BAKER MARQUART LLP
2  Jaime W. Marquart (Bar No. 200344)
      jmarquart@bakermarquart.com
3  10990 Wilshire Blvd., Fourth Floor
   Los Angeles, California 90024
4  Telephone:  (424) 652-7800
   Facsimile:   (424) 652-7850
5
6  Attorneys for Plaintiff

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11  FILMON.COM, INC.                    Case No.: CV13-00912 DOC (RNBx)

12                    Plaintiff,         COMPLAINT FOR:

13        vs.
                                         1)  FALSE DESIGNATION OF
14  AEREO, INC.; and DOES 1 through          ORIGIN UNDER THE
    10, inclusive,                           LANHAM, ACT (15 U.S.C. §
15                                           1125(a), *et seq.)*; and
16                    Defendants.         2)  DECLARATORY
17                                            JUDGMENT  (28 U.S.C. §
                                             2201);
18
                                         DEMAND FOR JURY TRIAL
19

20

21

22

23

24

25

26

27

28

                                                              COMPLAINT

1       Plaintiff FilmOn.com, Inc. ("FilmOn"), by its undersigned counsel,
2 alleges as follows:

3                        **SUMMARY OF ACTION**

4       1.     FilmOn is a well-known internet-based content streaming provider that
5 has developed applications to allow consumers to legally view certain television
6 channels and movies in the United States using portable and stationary mini-antenna
7 and digital video recording technology.  Defendant Aereo, Inc. ("Defendant
8 Aereo"), formerly known as Bamboom Labs, Inc. and Bamboom Entertainment
9 Corporation, purports to offer a competing service.

10       2.     Since at least January 2011, Hauppauge Computer Works, Inc.
11 ("Hauppauge") has manufactured and sold through its website and retail electronics
12 stores in the United States a portable mini-television antenna product called
13 "WinTV-Aero-m" that attaches to a Windows equipped computer through a USB
14 port.  As of on or about January 2012, FilmOn marketed and sold WinTV-Aero-m
15 under a private label arrangement with Hauppauge consented to FilmOn's
16 nonexclusive use of the name "Aero."   FilmOn has purchased technology from
17 Hauppauge for years.  On or about February 6, 2013, Hauppauge assigned in writing
18 to FilmOn the rights to the trademark "Aero."

19       3.     Seeking to unfairly capitalize on the success of WinTV-Aero-m and
20 the name "Aero," Defendant Aereo devised a scheme to start a competing business.
21 On or about October 2011 (approximately ten months after Hauppauge began
22 selling WinTV-Aero-m), Defendant Aereo changed its name from "Bamboom Labs,
23 Inc." to "Aereo, Inc.".  Then on or about February 2012, Defendant Aereo launched
24 a competing service to Hauppauge and FilmOn.  Defendant Aereo is using the name
25 "Aereo" to associate its service with the name "Aero."  Defendant Aereo's actions
26 are designed to cause consumer confusion between Defendant Aereo and the "Aero"
27 name.

28 //

1    4.    FilmOn seeks injunctive relief to stop Defendant Aereo from engaging
2 in this conduct, and compensatory and punitive damages to compensate it for the
3 harm it has suffered and to punish Defendant Aereo for its misconduct.  FilmOn
4 seeks a declaratory judgment that its use of the name "Aero" and FilmOn's and its
5 partner Aereokiller LLC's ("Aereokiller's") use of the name "Aereokiller" do not
6 violate federal trademark law.

7                          **JURISDICTION AND VENUE**

8    5.    This Court has exclusive jurisdiction over the trademark subject matter
9 of this action pursuant to the Lanham Act (15 U.S.C. § 1525 *et seq.*), 28 U.S.C. §§
10 1331, 1332, and the Declaratory Judgment Act (28 U.S.C. § 2201).

11    6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a
12 substantial portion of the events described in this Complaint occurred in this
13 district.

14                                **PARTIES**

15    7.    Plaintiff Filmon is a Delaware corporation headquartered in Los
16 Angeles County, California.

17    8.    Defendant Aereo is a New York corporation headquartered in the
18 Long Island City neighborhood of Queens, New York.

19    9.    The true names and capacities, whether individual, corporate,
20 associated, or otherwise, of certain defendants sued in this Complaint as DOES 1-10
21 inclusive are presently unknown to FilmOn, who therefore sues these defendants by
22 fictitious names.  FilmOn will amend this Complaint to allege their true names and
23 capacities when ascertained.  Upon information and belief, FilmOn alleges that
24 Defendant Aereo and DOES 1-10 were or are, in some way or manner, responsible
25 for and liable to FilmOn for the events, happenings, and damages set forth below.

26                          **GENERAL BACKGROUND**

27    10.    FilmOn was founded in or about May 2010, and is a well-known
28 internet-based content streaming provider, with customers in the United States.

1   FilmOn is headquartered in Los Angeles County, California.

2        11.    Hauppauge is headquartered in Hauppauge, New York, and since in
3   or about 1992, it has been developing and manufacturing television tuner products
4   for personal computers.

5        12.    In or about January 2011, Hauppauge began manufacturing and
6   selling through its website "hauppauge.com" and retail electronic stores, such as
7   Best Buy, in the United States a portable mini-television antenna called "WinTV-
8   Aero-m" that attaches to a Windows equipped computer through a USB port.
9   WinTV-Aero-m was launched at the 2011 International Consumer Electronics Show
10   in Las Vegas ("CES"), one of the world's largest consumer electronics tradeshows.
11   The "Aero" name has been prominently featured in media reports about
12   Hauppauge.

13        13.    Beginning in or about January 2012, FilmOn has marketed and sold
14   in the United States through its website "filmon.com" WinTV-Aero-m under the
15   name "FilmOn Air" pursuant to an agreement with Hauppauge.  FilmOn Air has
16   received substantial media coverage, and it is available at FilmOn's website at
17   filmon.com/products/aero.  The product is now called "FilmOn.TV Aero."

18        14.    Since on or about August 2012, FilmOn has been offering to
19   customers in certain geographic regions, including New York City, the ability to
20   stream certain television and movie channels using an offsite stationary mini-
21   antenna and digital recording technology in partnership with another company,
22   Aereokiller.  Hauppauge has supplied FilmOn with stationary mini-antennas that
23   FilmOn uses for this service.

24        15.    On or about February 6, 2013, Hauppauge assigned in writing to
25   FilmOn the rights to the trademark "Aero."

26   **DEFENDANTS' WRONGFUL CONDUCT**

27        16.    On or about September 30, 2011, which was approximately ten months
28   after Hauppauge launched WinTV-Aero-m with much surrounding media coverage,

1   Defendant Aereo, then known as Bamboom Labs, Inc., filed a service mark
2   application for the name "Aereo" with the United States Patent and Trademark
3   Office (which it subsequently received). In or about October 2011, Defendant
4   Aereo changed its name to "Aereo, Inc.". When Defendant Aereo was founded in
5   or about September 2010, Defendant Aereo was named "Bamboom Entertainment
6   Corporation" but changed its name to "Bamboom Labs, Inc." in or about March
7   2011.

8        17.    In or about February 2012, Defendant Aereo launched its service.
9   Upon information and belief, during the approximately thirteen preceding
10  months, Defendant Aereo had been able to purchase WinTV-Aero-m at a Best
11  Buy located in Queens, New York.

12       18.    Defendant Aereo claims it service enables its subscribers to watch
13  and/or record live television broadcasts through technology substantially similar
14  to FilmOn's, i.e., stationary mini-antenna and digital video recording technology.
15  Defendant Aereo also claims to offer its service in New York City, where FilmOn
16  operates.

17       19.    The name "Aereo" is prominently displayed in multiple locations
18  on Defendant Aereo's "aereo.com" website.

19       20.    The name "Aereo," is substantially similar to the name "Aero," and
20  is therefore likely to mislead consumers into believing that there is an association
21  between the two when in fact there is not.

22       21.    The confusing similarity between the two names reflects an
23  intentional and calculated decision by Defendant Aereo to trade on the "Aero"
24  name to attract consumers.

25       22.    By intentionally selecting a name that is confusingly similar to
26  "Aero," Defendant Aereo is likely to confuse, inducing them to use its service.

27       23.    Defendant Aereo's conduct as described above is completely
28  unauthorized. Neither Hauppauge nor FilmOn ever approved, authorized, or

-4-

1  acquiesced to Defendant Aereo's use of the name "Aereo" in any context.

2       24.      Defendant Aereo's unlawful conduct constitutes an unauthorized

3  and intentional attempt to free-ride off the valuable goodwill developed and

4  associated with the name "Aero."

5       25.      On or about January 15, 2013, counsel for Defendant Aereo sent

6  counsel for Aereokiller and Alkiviadis David, the majority owner of FilmOn, a

7  letter (the "Letter"), stating that they were infringing on Defendant Aereo's

8  trademark rights. Among other things, the Letter stated that Defendant Aereo owns

9  all the trademark and other rights associated with the "Aereo" mark and demanded

10 that they cease and desist their alleged infringement of Defendant Aereo's

11 trademark.

12                      **FIRST CLAIM FOR RELIEF**

13              (False Designation of Origin and False Endorsement

14                 Under the Lanham Act, 15 U.S.C. § 1125(a))

15                      (Against All Defendants)

16      26.      Plaintiff repeats and incorporates by reference each and every

17 allegation contained in paragraphs 1 through 25 above.

18      27.      Defendants' wrongful conduct as described above has damaged and is

19 continuing to damage Plaintiff's right to the "Aero" name by, among other things,

20 distorting and exploiting those rights without Plaintiff's permission, thus

21 diminishing its value, including without limitation the value of any future licensing.

22      28.      Further, Defendants have injured and continue to injure Plaintiff by

23 attempting to draw an association between Defendant Aereo and its service and the

24 name "Aero."

25      29.      Defendants have also injured Plaintiff by commercially exploiting the

26 "Aero" name without Plaintiff's retaining control thereof or income properly owing

27 to Plaintiff as the sole owner of the trademark rights of the "Aero" name.

28      //

-5-

1    30.    By reason of the foregoing, Plaintiff asserts a claim against

2  defendants for injunctive relief, damages, costs and attorneys' fees pursuant to 15

3  U.S.C. §§ 1125, 1116, and 1117.

4                    **SECOND CLAIM FOR RELIEF**

5              (Declaratory Judgment Act, 28 U.S.C. § 2201)

6                      (Against All Defendants)

7    31.    Plaintiff repeats and incorporates by reference each and every

8  allegation contained in paragraphs 1 through 30 above.

9    32.    In light of the Letter, there exists an actual and justiciable controversy

10  concerning whether the use of the names "Aero" and "Aereokiller" violate the

11  Lanham Act.

12    33.    Plaintiff's use of the name "Aero" and Plaintiff's and Aereokiller's

13  use of the name "Aereokiller" do not violate the Lanham Act.

14    34.    Defendant Aereo does not have any arguable trademark right in the

15  name "Aereo" because any such trademark is invalid.

16                      **PRAYER FOR RELIEF**

17  WHEREFORE, Plaintiff demands the following relief:

18    1.    A preliminary and a permanent injunction prohibiting Defendants

19  from using "Aereo," any confusingly similar variant of the foregoing, or any other

20  aspect of the name to operate commercial websites, promote Defendant Aereo's

21  business, or in any other manner infringe Plaintiff's trademarks and other rights;

22    2.    An order requiring transfer of the aereo.com domain name to

23  Plaintiff;

24    3.    Compensatory and general damages in an amount to be proven at

25  trial, or in the alternative, statutory damages;

26    4.    Punitive and exemplary damages;

27    5.    Prejudgment interest on any recovery by Plaintiff;

28  //

                              -6-

1      6.      For a declaratory judgment declaring Plaintiff's use of the name

2  "Aero" and Plaintiff's and Aereokiller's use of the name "Aereokiller" do not

3  violate the Lanham Act and Defendant Aereo does not have any arguable trademark

4  right in the name "Aereo" because any such trademark is invalid;

5      7.      Costs of suit incurred herein, including reasonable attorneys' fees

6  and expenses pursuant to 15 U.S.C. §1117 and other applicable law; and

7      8.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

9  Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands

10  trial by jury in this action.

11  February 7, 2013                 Respectfully submitted,

By: _for Jaime W. Marquart_

Jaime W. Marquart
BAKER MARQUART LLP
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
(424) 652-7800 (telephone)
(424) 652-7850 (facsimile)

Attorneys for Plaintiff

-7-

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

FILMON.COM, INC.

**DEFENDANTS**

AEREO, INC.; and DOES 1 through 10, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jaime W. Marquart
Baker Marquart LLP
10990 Wilshire Blvd., 4th Floor

Los Angeles, CA 90025
(424) 652-7800

Attorneys (If Known)

---

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.  ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** damages/injunction

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. Section 1125(a), et seq. (False Designation of Origin Under the Lanham Act);
28 U.S.C. Section 2201 (Declaratory Judgment)

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | **IMMIGRATION** | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | |

CV13-00912

**FOR OFFICE USE ONLY:**  Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                      CCD-JS44

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s):

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    [ ]   A.  Arise from the same or closely related transactions, happenings, or events; or
[ ]   B.  Call for determination of the same or substantially related or similar questions of law and fact; or
[ ]   C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
[ ]   D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Queens County, New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | Queens County, New York; Suffolk County, New York |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _G E Kc̶ for Jaime W. Marquart_  Date _February 7, 2013_
Jaime W. Marquart

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## CV13- 912 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [✓] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

COPY

Name & Address:
Jaime W. Marquart (Bar No. 200344)
Baker Marquart LLP
10990 Wilshire Blvd., 4th Floor
Los Angeles, CA 90025

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

FILMON.COM, INC.

PLAINTIFF(S)

v.

AEREO, INC.; and DOES 1 through 10,
inclusive,

DEFENDANT(S).

CASE NUMBER

CV13-00912 DOC (RNBx)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within 21    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [x] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jaime W. Marquart _____ , whose address is 10990 Wilshire Blvd., 4th Floor, Los Angeles, CA 90025 _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

JULIE PRADO

Dated: February 7, 2013

By: _____
          Deputy Clerk

FOR OFFICE USE ONLY
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                          SUMMONS

CCD-1A